UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, Plaintiff, v. EDGARDO REYES, et al., Defendant. | Case No. 5:15-cr-00145-EJD<br><br>**ORDER RE: MOTION FOR PRETRIAL PRODUCTION OF INFORMANT-RELATED DISCOVERY**<br><br>Re: Dkt. No. 45 |
|---|---|

Presently before the court is Defendant Edgardo Reyes' ("Defendant") Motion for Pretrial Production of Informant-Related Discovery, which came on for hearing before the undersigned on December 8, 2015. Dkt. No. 45. After argument, the court conducted an ex parte in-camera hearing on January 7, 2016, to determine whether, and what, informant-related information would be released to Defendant. Present at the in-camera hearing was counsel for the Government, special agents, and the confidential source ("CS").

Having now conducted the in-camera hearing and fully considered the filings and arguments of the parties, the court will order the release of certain information consistent with the order below.

## I. BACKGROUND

According to an indictment returned on March 4, 2015, Defendant and two other

1

Case No.: 5:15-cr-00145-EJD
ORDER RE: MOTION FOR PRETRIAL PRODUCTION OF INFORMANT-RELATED DISCOVERY

individuals are charged with the following counts: (1) conspiracy to possess with intent to distribute, and to distribute methamphetamine in violation of 18 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C); (2) possession with intent to distribute and distribution of methamphetamine in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (3) possession with intent to distribute and distribution of methamphetamine in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). As to Defendant, the indictment stems from his purported participation in the sale of methamphetamine to an undercover CS. More specifically, Defendant allegedly arranged two separate sales of large quantities of methamphetamine to the CS. These sales were monitored by law enforcement and Defendant and his now co-defendants were arrested at the final transaction. Through this motion, Defendant requests the disclosure of the CS's identity. He also requests an opportunity to interview the CS before trial, and for the early production of Brady/Giglio material.

The Government previously provided the Defendant with discovery regarding the CS, including: (1) the CS's criminal history with identifying details redacted, (2) information regarding a 2014 incident during which the CS filed an inaccurate police report, (3) a summary of benefits the CS has received from the Government in connection with his/her cooperation, including immigration consideration and financial remuneration, (4) a blank copy of an agreement form, which is apparently similar to one signed by the CS, and (5) statements made by the CS to law enforcement regarding the investigation of Defendant. The Government has also indicated it will reveal the identity of the CS to Defendant the day before the commencement of trial, and has agreed to make the CS available to Defendant for a pretrial meeting at which Defendant's attorney may pose questions to the CS.

## II. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b)(4), the defendant may request, "at the arraignment or as soon afterward as practicable," notice of the Government's intent to use any evidence that the defendant may be entitled to discover under Federal Rule of Criminal Procedure 16. For its part, Rule 16 identifies particular materials that the Government must disclose to a

2

Case No.: 5:15-cr-00145-EJD
ORDER RE: MOTION FOR PRETRIAL PRODUCTION OF INFORMANT-RELATED DISCOVERY

defendant, including the defendant's oral statements in response to interrogation. Fed. R. Crim. P. 16(a)(1)(A). Rule 16 also identifies particular materials not subject to disclosure, such as statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500, which is otherwise known as the Jencks Act. Fed. R. Crim. P. 16(a)(2).

The district court's ability to manage discovery is also established by federal and local rules. Federal Rule of Criminal Procedure 2 provides that all of the rules should "be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Under Federal Rule of Criminal Procedure 16(d), the court may deny, restrict, or defer discovery or inspection, or grant other appropriate relief or enter any other order that is just under the circumstances. Furthermore, Criminal Local Rule 16-1 provides procedures for disclosure and discovery in criminal actions, such that "[w]ithin 14 days after a defendant's plea of not guilty, the attorney for the government and the defendant's attorney shall confer with respect to a schedule for disclosure of the information." If after doing so a stipulation is not entered, "a schedule for disclosure of information . . . may be set sua sponte by the assigned Judge or Magistrate Judge." Crim. L.R. 16-1(b).

Moreover, the Ninth Circuit has recognized the district court's inherent power to regulate and control criminal discovery. United States v. W.R. Grace, 526 F.3d 499, 508-509 (9th Cir. 2008) ("[A] district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

**III. DISCUSSION**

Defendant argues the identity of CS must be disclosed because the CS had several communications with Defendant that were not recorded; thus, Defendant believes he needs to investigate those conversations as they relate to an entrapment defense. Defendant also argues the

3

Case No.: 5:15-cr-00145-EJD
ORDER RE: MOTION FOR PRETRIAL PRODUCTION OF INFORMANT-RELATED DISCOVERY

CS played a "material part in bringing about the possession of certain drugs by the accused, [and was] present with the accused at the occurrence of the alleged crime." As such, Defendant contends the CS is a percipient witness to the two drug transactions and is the sole witness to many conversations - both recorded and unrecorded - that preceded the transactions. Given the role of the CS, Defendant argues that release of the CS' identity one day prior to the start of trial precludes his ability to conduct meaningful and necessary investigation. Defendant requests the court order an earlier date for disclosure and order the Government to release Brady/Giglio material in its possession.

The government has a qualified privilege to withhold the identities of informants, known as the "informant's privilege." Rovario v. United States, 353 U.S. 53, 59 (1957). The purpose of the informant's privilege is "the furtherance and protection of the public interest in effective law enforcement." Id. "The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." Id.

As noted, however, the informant's privilege is a qualified one. "The scope of the privilege is limited by its underlying purpose." Id. at 60. It will not apply where "the disclosure of the contents of a communication will not tend to reveal the identity of an informer" or where "the identity of the informer has been disclosed to those who would have cause to resent the communication." Id. Furthermore, fairness dictates that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60-61. The court may require disclosure under any of those circumstances. Id. at 61.

Faced with the informant's privilege, a defendant bears the burden of showing the need for disclosure. United States v. Henderson, 241 F.3d 638, 645 (9th Cir. 2000). The defendant must show "more than a 'mere suspicion' that the informant has information which will prove 'relevant and helpful' or will be essential to a fair trial." Id. The district court then balances the interests of

4

Case No.: 5:15-cr-00145-EJD
ORDER RE: MOTION FOR PRETRIAL PRODUCTION OF INFORMANT-RELATED DISCOVERY

the parties by considering the "particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro, 353 U.S. at 62. The court should also consider "the public interest in protecting the flow of information." United States v. Spires, 3 F.3d 1234, 1238 (9th Cir. 1993).

If the defendant makes a "minimal threshold showing that disclosure would be relevant to at least one defense," the district court is required to hold an in camera hearing to determine whether disclosure should be permitted. Id. A defendant and his or her attorneys may be excluded from such a hearing to protect the informant's identity. Id. at 1238 n.1. A motion to reveal an informant's identity may be denied when it is supported only by allegations of counsel that a particular defense is possible. United States v. Mehciz, 437 F.2d 145, 149 (9th Cir.1971).

In light of the authority above and having conducted the requisite balancing subsequent to the in-camera hearing, the court finds that the following disclosures are appropriate:

(1) The Government will make the CS available to the defense at a location and on a date and time certain in order to permit the defense and their investigators to pose questions to the CS outside the presence of the Government. The CS may answer any questions at his/her discretion and if he/she has counsel, said counsel may be present during any of the meetings. If the CS does not have counsel, he/she will be permitted to take breaks, consult with family or others, and to terminate the interview at his/her discretion.

(2) The Government will provide to the defense a copy of the signed agreement between the CS and the Government or any agency thereof. This will be released to the defense prior to the scheduled meeting with the CS, at the request of the defense.

(3) The Government will provide to the defense any information regarding immigration considerations the CS has received in this case in conjunction with his/her cooperation.

(4) The Government will provide the identity of the CS to the defense 33 days prior to

5

Case No.: 5:15-cr-00145-EJD
ORDER RE: MOTION FOR PRETRIAL PRODUCTION OF INFORMANT-RELATED DISCOVERY

the first day of trial.  Given that trial is currently scheduled to commence on March 15, 2016, the Government must provide this disclosure no later than February 12, 2016.

(5) The Government will provide the defense an unreacted rap sheet for the CS, as well as copies of any other agreements the CS has entered into with law enforcement to the extent the Government has access to or knowledge of such agreements.

(6) The Government will continue in its Brady/Giglio obligations.

## IV. ORDER

Based on the foregoing, the court orders the Government to make the disclosures listed above.

Considering the need for the effective preparation of Defendant's case in conjunction with a concern for the safety and protection of government witnesses, the court orders the disclosures subject to the protective order filed on February 4, 2016 (Dkt. No. 56).

**IT IS SO ORDERED.**

Dated:  February 10, 2016



EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cr-00145-EJD
ORDER RE: MOTION FOR PRETRIAL PRODUCTION OF INFORMANT-RELATED DISCOVERY

6