| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>EDGARDO REYES,<br>Defendant. | Case No. 5:15-cr-00145-EJD-1<br><br>**ORDER GIVING NOTICE OF LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE**<br><br>Re: Dkt. No. 120 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Defendant Edgardo Reyes has filed a motion to vacate his sentence and conviction pursuant to 28 U.S.C. § 2255 claiming his counsels Mr. Archer and Mr. Bobus gave ineffective assistance throughout trial and appeal respectably. Dkt. No. 120. The court ordered a response from the Government. Dkt. No. 123. The Government has filed a motion for a waiver of attorney-client privilege and to compel disclosure by Mr. Archer and Mr. Bobus of all communications and documents relevant to each lawyer's representation of Mr. Reyes. Dkt. No. 130. The Government correctly contends that Mr. Reyes has waived his attorney-client privilege as to his communications with both counsels regarding the seven ineffective assistance of counsel claims listed in his motion. Because Mr. Reyes can choose to either preserve his confidentiality by abandoning the claims that give rise to the waiver or proceed on his § 2255 motion on a limited waiver of attorney-client privilege, the court hereby notifies Mr. Reyes of his options and orders a response by Mr. Reyes to this court no later than May 9, 2019.

It has long been held that "where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *See, e.g.*, *Wharton*

Case No.: 5:15-cr-00145-EJD-1
ORDER GIVING NOTICE OF LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE
1

*v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967). At the same time, the waiver should not be unlimited in scope. *Bittaker*, 331 F.3d at 727-28. The waiver should be narrowed such that fairness on both sides of the proceedings can be achieved. *Id*. Additionally, "the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition. *Id*. at 721. Lastly, if a party agrees to waive the privilege as captured by the court, the party is entitled to rely on the confines of the agreed waiver as to prevent any unfair surprises later in litigation. *Id*.

      The Ninth Circuit has held that ineffective counsel claims "cannot be properly litigated unless the petitioner waives his privilege for purposes of resolving the dispute." *Id*. at 722. With that, there is a strong interest in preserving petitioner's right to confidentiality. *Id*. Here, Mr. Reyes alleges in his § 2255 motion that Mr. Archer gave ineffective assistance of counsel when: (1) counsel failed to explain the criminal charges to him; (2) counsel told him that the most he was looking at in terms of a sentence in his criminal case was 8 to 10 years imprisonment in light of his lack of a criminal record; (3) counsel failed to discuss a possible favorable potential plea agreement with him; (4) counsel failed to explain sentencing enhancements to him; (5) counsel failed to engage in plea negotiations, though Mr. Reyes directed counsel to do so; (6) counsel failed to explain other consequences to him, and encouraged him to enter an open plea; and (7) counsel "abandoned his loyalties" to represent Mr. Reyes during the plea negotiations stage of the case, among other allegations. Dkt. No. 120-1. As to Mr. Bobus, Mr. Reyes claimed that counsel failed to follow through on the pursuit of a criminal appeal in this case despite Mr. Reyes's specific request that he do so. *Id*. A meaningful response to any of these claims is not possible without more information with regards to the communication between Mr. Reyes and his counsels. Thus, in order to achieve fairness on both sides of the proceedings, a limited waiver of attorney-client privilege is necessary to move forward on Mr. Reyes's § 2255 motion. The waiver would be narrowed to the claims as listed above and reflected in Mr. Reyes's motion.

      Accordingly, the court hereby notifies Mr. Reyes that he may either file a notice stating

Case No.: 5:15-cr-00145-EJD-1
ORDER GIVING NOTICE OF LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE
2

that he wishes to preserve his attorney-client privilege by abandoning his ineffective assistance of counsel claims and withdrawing his § 2255 motion to vacate, set aside or correct his sentence, OR agree to waive his attorney-client privilege as to the claims listed above.  **Mr. Reyes must file a response no later than May 9, 2019.**

If Mr. Reyes does not timely file such a notice, the court will construe this as his desire to maintain his privilege and adjudicate his motion accordingly.  The deadlines previously set for the government to respond to the § 2255 motion and for Mr. Reyes's reply are hereby VACATED.

**IT IS SO ORDERED.**

Dated: April 5, 2019

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cr-00145-EJD-1
ORDER GIVING NOTICE OF LIMITED WAIVER OF ATTORNEY-CLIENT PRIVILEGE
3